**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FT. LAUDERDALE DIVISION**
www.flsb.uscourts.gov

In re:                                                          Chapter 11 Cases

GULFSTREAM INTERNATIONAL                Case No. 10-44131-BKC-JKO
GROUP, INC., *et al.*                              Jointly Administered

       Debtors.
_____/

**OBJECTION OF SAH-VUL STRATEGIC PARTNERS I, LLC TO FURTHER RELIEF BEING GRANTED PURSUANT TO DEBTORS' EMERGENCY MOTION FOR AUTHORIZATION OF (A) SECURED POST-PETITION FINANCING PURSUANT TO 11 U.S.C. §§ 105, 361, 362, AND 364(c) AND (d); (B) GRANTING SECURITY INTERESTS, SUPERPRIORITY LIENS AND CLAIMS AND ADEQUATE PROTECTION; AND (C) USE OF CASH COLLATERAL**

SAH-VUL Strategic Partners I, LLC ("SVSP"), by and through undersigned counsel, respectfully submits its objection (the "Objection") to the entry of a Final Order on the Debtors' Motion (the "Motion") of November 4, 2010 requesting authority to borrow money from Victory Park Capital Advisors, LLC ("Victory Park"), the use cash collateral and to grant priming liens.

In support of its Objection, SVSP represents as follows:

**PRELIMINARY STATEMENT**

Unfortunately, these bankruptcy cases continue to be shrouded in the cloak of mystery. Indeed, the Debtors' silence is deafening. The Debtors have altogether failed to keep their secured creditors apprised of their day-to-day business operations, their efforts, let alone their vision to reorganize, their efforts and strategies to sell their businesses, or their cash needs going

forward.  Worse yet, the Debtors and Victory Park have failed and refused to respond to SVSP's numerous requests for basic information concerning the foregoing.  Moreover, despite persistent demands by SVSP and assurances from counsel to the Debtors, the Debtors have failed and refused to comply with the Court's Interim Order granting the Motion on an interim basis [D.E. # 75] by failing to provide SVSP with (a) any changes to the Approved Budget, and (b) daily, weekly and other periodic financial reporting as explicitly required to be provided to SVSP under the Court's Interim Order.

As things stand as of the filing of this Objection, SVSP simply has no idea what the Debtors would hope to accomplish at the final hearing on the Motion which is scheduled for two days hence on Wednesday, December 1, 2010.  Accordingly, SVSP has no choice but to file this Objection to preserve all of its rights, claims, actions and objections relating to or arising out of the Motion.

## DISCUSSION

1. On September 8, 2010, Gulfstream International Group, Inc. (the "Company") completed a $1,500,000 debt financing, effective as of August 31, 2010 (the "Financing"), with SVSP.  Pursuant thereto, the Company issued to SVSP (i) a maximum $1,500,000 principal amount 8% Secured Convertible Promissory Note due August 31, 2011 (the "Note"). The Note is, at SVSP's option, convertible into shares of the Company's common stock, par value $0.01 per share (the "Common Stock"), at a conversion price of $0.70 per share, subject to certain adjustments as set forth therein. In addition, SVSP was granted warrants (the "Warrants") to purchase 750,000 shares of Common Stock at an exercise price of $0.70 per share, subject to certain adjustments as set forth therein, for a period beginning on the date of issuance through August 31, 2015.  In addition, SVSP was granted an option, exercisable during the 90 day period

beginning on the Initial Closing Date through December 8, 2010 (the "Option Period"), to lend an additional $1,000,000 to the Company in exchange for an additional $1,000,000 Secured Convertible Promissory Note (the "Additional Note"), and an additional Warrant to purchase up to 500,000 shares of Common Stock at an exercise price of $0.70 per share (the "Additional Warrants").

2. Payment of the principal amount of the Note and all interest accrued thereon is secured by a priority first lien and security interest on certain of the assets of the Debtors (the "Collateral") pursuant to a security agreement (the "Security Agreement") dated as of August 31, 2010. The Note is guaranteed by each of the Company's subsidiaries, including the other Debtors, pursuant to a Continuing and Unconditional Guaranty dated as of August 31, 2010 from each subsidiary in favor of SVSP (each, a "Guaranty"). The Financing is also subject to the terms of a waiver, consent and intercreditor agreement (the "Intercreditor Agreement") dated as of August 31, 2010, among the Company, SVSP, Taglich Brothers Inc., as collateral agent for the investors of the Company's February 2010 secured debt financing, and Shelter Island Opportunity Fund, LLC, another of the Company's senior secured lenders.

3. In accordance with the Note, cash advances were made by SVSP to the Company in accordance as follows: (a) $500,000 was advanced on September 8, 2010; (b) another $500,000 was advanced on September 10, 2010; and (c) yet another $500,000 was advanced on September 24, 2010. Such advances, together with interest, fees and costs, remain outstanding under the Note and due and owing to SVSP.

4. At the Interim Hearing, SVSP agreed to the relief sought by the Debtors to the extent provided in the Interim Order. SVSP was only willing to do so, *inter alia*, on the conditions that (a) the first $200,000 of the proceeds of the Debtor's Cuban Air Charter business

be segregated for the benefit of SVSP as adequate protection of its interests in the Collateral, and (b) SVSP would be provided with the same financial reporting as the Debtors are required to provide to Victory Park (the "Required Financial Reporting").  Despite numerous requests and demands that the debtors comply with the Interim Order they have failed and refused to provide SVSP with any of the Required Financial Reporting.

5. Moreover, SVSP has repeatedly inquired of the Debtors and, most recently, of Victory Park through their respective counsel that it be advised of what further relief they intended to request of the Court pursuant to the Motion at the next scheduled hearing on December 1, 2010, as well as of the status of the sale of the Debtors' businesses.  As of the time of this Objection, neither the Debtors nor Victory Park have responded, let alone complied with such informational requests.

6. Given the absolute void of information---all of which the Debtors were obligated to provide to SVSP---SVSP is unable to formulate an informed view on the matters the Debtors intend to bring before the Court pursuant to the Motion.  Consequently, SVSP is left with no alternative but to object to any further relief being granted the Debtors pursuant to the Motion and to reserve all of its rights, claims, actions and objections in any wise related thereto.

WHEREFORE, SAH-VUL Strategic Partners I, LLC respectfully requests that (a) the Motion be denied, (b) that the Debtors be enjoined to comply with their obligations to provide information to SAH-VUL Strategic Partners I, LLC, and (c) it be granted such other and further relief as the Court may deem appropriate.

Dated:  November 29, 2010

    Respectfully submitted,

    **I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in**

**compliance with the additional qualification to practice in this Court set forth in Local Rule 2090-1(A).**

BILZIN SUMBERG BAENA PRICE & AXELROD, LLP
*Counsel for SAH-VUL Strategic Partners I, LLC*
1450 Brickell Avenue
Suite 2300
Miami, FL 33131
Tel. (305) 350-2403
Fax (305) 350-2403

By: /s/  Scott L. Baena_____
       Scott L. Baena, Esq.
       Florida Bar No. 186445
       sbaena@bilzin.com