

**ORDERED in the Southern District of Florida on December 07, 2010.**

**John K. Olson, Judge**
**United States Bankruptcy Court**

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 Cases<br>Case No. 10-44131-BKC-JKO |
| GULFSTREAM INTERNATIONAL<br>GROUP, INC., *et al.*,[1] | Jointly Administered |
|       Debtors. | |
| _____/ | |

**FINAL ORDER APPROVING THE EMPLOYMENT OF JETSTREAM AVIATION
CAPITAL, LLC AND JETSTREAM AVIATION MANAGEMENT, LLC, AS
FINANCIAL ADVISORS TO THE DEBTORS, *NUNC PRO TUNC*
TO THE PETITION DATE**

**THIS MATTER** came before the Court on the 6th day of December, 2010 at 2:00 p.m.,

in Fort Lauderdale, Florida, upon the *Debtors' Application for Approval, on an Interim and*

*Final Basis, of Employment of Jetstream Aviation Capital, LLC and Jetstream Aviation*

---

[1] The address of each of the Debtors is 3201 Griffin Road, 4th Floor, Fort Lauderdale, FL 33312; and the last four digits of the taxpayer identification number of each of the Debtors follows in parenthesis: (i) Gulfstream International Group, Inc. (3956); (ii) Gulfstream International Airlines, Inc. (1720); (iii) Gulfstream Training Academy, Inc. (5843); (iv) GIA Holdings Corp., Inc. (9548); and (v) Gulfstream Connection, Inc. (1208).

*Management, LLC, as Financial Advisors to the Debtors, Nunc Pro Tunc to the Petition Date* (the "Application") (D.E. 12), the *Declaration in Support of First Day Pleadings* (the "First Day Declaration") (D.E. 7), and the *Declaration of Stuart A. Klaskin in Support of the Debtors' Application for Approval of the Employment of Jetstream Aviation Capital, LLC and Jetstream Aviation Management, LLC as Financial Advisors to the Debtors, Nunc Pro Tunc to the Petition Date* (the "Klaskin Declaration") attached to the Application as **Exhibit "A."** The Application requests entry of an order approving the Debtors-in-Possession's employment of Jetstream Aviation Capital, LLC and Jetstream Aviation Management, LLC (collectively, "JAM") as financial advisors in these Chapter 11 cases. By Interim Order entered November 12, 2010 (D.E. 80), the Court approved the employment of JAM on an interim basis. The Court has jurisdiction over the matters raised in the Application pursuant to 28 U.S.C. §§ 157 and 1334(b). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). The Court having considered the Application and the Klaskin Declaration, having been satisfied based on the representations made in the Application and the Klaskin Declaration that (a) JAM does not hold or represent an interest adverse to the Debtors' estates and (b) JAM is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code; it appearing to the Court that the relief requested is in the best interests of the Debtors' estates, their creditors and other parties in interest; and good, adequate and sufficient cause has been shown to justify the entry of this order; and the Court having considered statements of counsel and the record; and after due deliberation and sufficient cause appearing therefor, it is

      **ORDERED** that:

      1.     The Application is **APPROVED** on a final basis.

      2.     The employment by the Debtors, as debtors-in-possession, of Jetstream Aviation Capital, LLC and Jetstream Aviation Management, LLC, as financial advisors, in accordance

with the terms and conditions of the Engagement Letter,[2] is **APPROVED** pursuant to 11 U.S.C. § 327(a).

       3.     The employment of Jetstream Aviation Capital, LLC and Jetstream Aviation Management, LLC by the Debtors shall be *nunc pro tunc* to the Petition Date.

       4.     Jetstream Aviation Capital, LLC and Jetstream Aviation Management, LLC shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' Chapter 11 cases in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

       5.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

# # #

Submitted by:
Brian K. Gart, Esq.
Douglas A. Bates, Esq.
Berger Singerman, P.A.
350 E. Las Olas Boulevard, Suite 1000
Fort Lauderdale, FL 33301
Tel. (954) 525-9900
Fax (954) 523-2872
bgart@bergersingerman.com
dbates@bergersingerman.com

Copy furnished to:
Brian K. Gart, Esq.
*(Attorney Gart is directed to serve a conformed copy of this Order upon all interested parties, and to file a Certificate of Service with the Court).*

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed in the Motion.