

**ORDERED in the Southern District of Florida on December 16, 2010.**

*[signature]*

John K. Olson, Judge
United States Bankruptcy Court

___

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 Cases |
| GULFSTREAM INTERNATIONAL GROUP, INC., *et al.*,[1] | Case No.: 10-44131-JKO<br>Jointly Administered |
| Debtors._____/ | |

**AMENDED[2] ORDER (I) ESTABLISHING COMPETITIVE SALE AND BID PROCEDURES FOR THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS; (II) APPROVING FORM AND MANNER OF NOTICES; (III) SCHEDULING HEARING DATES TO CONDUCT AUCTION AND TO CONSIDER FINAL APPROVAL OF SALE INCLUDING TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (IV) GRANTING RELATED RELIEF**

THIS CAUSE came before the Court on December 6, 2010 at 1:30 p.m. upon the

*Debtors' Emergency Motion for Orders Pursuant To 11 U.S.C. §§ 105, 363 And 365 And Fed.*

---

1 The address of each of the Debtors is 3201 Griffin Road, 4th Floor, Fort Lauderdale, FL 33312; and the last four digits of the taxpayer identification number of each of the Debtors follows in parenthesis: (i) Gulfstream International Group, Inc. (3956); (ii) Gulfstream International Airlines, Inc. (1720); (iii) Gulfstream Training Academy, Inc. (5843); (iv) GIA Holdings Corp., Inc. (9548); and (v) Gulfstream Connection, Inc. (1208).

2 Amended to correct scrivener's error in paragraph 9 and Exhibit A.

3270930-9

*R. Bankr. P. 2002, 6004, 6006 And 9014 (A) Approving (I) Bidding Procedures, (II) Form And Manner Of Sale Notices, And (III) Sale Hearing Date And (B) Authorizing And Approving (I) Sale Of A Portion Of Or Substantially All Of The Debtors' Assets Free And Clear Of Certain Liens, Claims, And Encumbrances, and (II) Assumption And Assignment Of Executory Contracts And Unexpired Leases* (the "Motion") [D.E. #98].  The Court, having reviewed the Motion, the objections filed in response thereto (the "Objections") and the record in these cases, having considered the statements of counsel for the Debtors, the official committee of unsecured creditors appointed in these chapter 11 cases (the "Committee"), Victory Park,[3] and the Junior Lenders, finds that establishing procedures for a sale of the Assets,[4] in accordance with the provisions contained in this Order, is in the best interests of the estates.

IT IS HEREBY FURTHER FOUND AND DETERMINED THAT:

A.    The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), made applicable to this proceeding pursuant to Bankruptcy Rule 9014;

B.    The Court has jurisdiction over the Motion and the transaction contemplated by the Proposed Purchase Agreement (as defined below) pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M) and (O).  Venue in this district is proper under 28 U.S.C. §§ 1408 and 1409;

C.    The statutory bases for the relief requested in the Motion are (i) sections 105, 363, 364 and 365 of chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 et seq. (the "Bankruptcy Code"); (ii) Bankruptcy Rules 2002(a)(2), 6004, 6006 and 9014; and (iii) Rule 6004-1 of the Local Rules of the United States Bankruptcy Court for the Southern

---

[3] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Motion.
[4] As used herein, the term "Assets" shall have the same definition as "Offered Assets" in the Motion.

2

3270930-9

District of Florida (the "Local Rules");

D. Good and sufficient notice of the Motion and the relief sought therein has been given under the circumstances, and no other or further notice is required except as set forth herein with respect to the Sale Hearing. A reasonable opportunity to object or be heard regarding the relief provided herein has been afforded to creditors, equity holders and other parties in interest;

E. The Debtors' proposed notice of the Bidding Procedures is appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the Auction, the sale of the Assets, and the Bidding Procedures to be employed in connection therewith;

F. The Debtors have articulated good and sufficient reasons for the Court to: (i) approve the Bidding Procedures; (ii) set the Sale Hearing and approve the manner of notice of the Motion and the Sale Hearing; and (iii) approve the procedures for the assumption and assignment of certain executory contracts and unexpired leases (collectively, the "Assumed Executory Contracts"), including notice of proposed cure amounts;

G. The entry of this Bidding Procedures Order is in the best interests of the Debtors, their estates, their creditors, equity holders and other parties in interest;

H. The Bidding Procedures are reasonably designed to maximize the value to be achieved for the Assets; and

I. In order to facilitate the sale process outlined herein, an extension agreement has been reached with RACC (the "RACC Extension"), relating to the RACC Agreements (defined in paragraph 56 of the Motion as the "Lease Agreements"), one of which is a Letter Agreement dated May 14, 2010 (the "RACC Letter Agreement"). Pursuant to the RACC Extension, the

3

3270930-9

Debtors have paid, in conjunction with the *Interim Order Approving Continued Use of Cash Collateral* (D.E. #197), a rental payment to RACC in the amount of $441,000 (the "Rental Payment"). In light of having received the Rental Payment, RACC has agreed to extend the term of the RACC Agreements through and including January 6, 2011. By virtue of that extension, RACC has agreed to extend the time period within which the Debtors, through an assumption and assignment, sale, or otherwise, are able to effect the Purchase Option as provided in the RACC Letter Agreement and have the other benefits and obligations under the RACC Agreements, as modified by RACC as described in the hearing on December 6, 2010, through and including January 6, 2011. The RACC Extension also contemplated, under certain specified conditions, that the Debtors could obtain a further extension of the RACC Agreements.[5]

Based on the foregoing, and the record in these cases, the Court

**ORDERS** as follows:

1. The Bid Procedures Motion, as modified by this Order, is **GRANTED,** as set forth herein and the Objections are overruled.

2. The bid procedures described hereinafter (the "Bid Procedures") and the Debtors' entry into, and performance of, the RACC Extension are approved.

3. This Order shall be binding upon all creditors and other parties in interest in these Cases, their respective successors and assigns (including without limitation any subsequently

---

[5] As modified on the record at the hearing on December 6, 2010, RACC agreed that if it received payment on December 6, 2010 in the amount of $441,000 by wire transfer (which Debtors and RACC have confirmed took place), RACC would agree that on January 6, 2011 it would agree to further extend the lease term to January 20, 2011, if on or before that date (1) it receives an additional rent payment of $220,500, and (2) there is in place a binding purchase agreement for the Raytheon Aircraft in accordance with the RACC Letter Agreement under which a closing on the sale of the Raytheon Aircraft is required to occur by not later than January 20, 2011. RACC further agreed that with respect to the $220,500 additional rent payment that RACC would agree to refund rent on a ratable basis for the period between January 20th and the date on which it receives the proceeds from any sale of the Raytheon Aircraft, and would credit up to $200,000 of net rent actually paid to RACC (net of any refund) against the $20.5 million purchase price of the Raytheon Aircraft.

appointed chapter 7 trustee or examiner with expanded powers), from the date of its approval by the Court.

4. The notice procedures set forth in the Motion and the Sale Hearing are good and sufficient notice and satisfy Bankruptcy Rules 2002(a), 6004, 6007, and 9014 by providing the affected parties and parties in interest with notice of the Motion and the Sale Hearing and an opportunity to object and be heard at a hearing.

5. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 6006(d), 6007, 7062, 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

**Auction**

6. If one or more Qualified Bids (as defined hereinafter) are submitted by **January 3, 2011 at 4:30 p.m.,** an auction sale (the "Auction") of the Assets shall be conducted **on January 4, 2011 at 10:30 a.m.** (the "Auction Date") at the offices of Berger Singerman, P.A., 350 East Las Olas Blvd., Suite 1000, Fort Lauderdale, 33301, or such other place and time as the Debtors shall notify all Qualified Bidders, counsel to the Committee, respective counsel to the Junior Lenders and Victory Park, (if applicable), and, insofar as they relate to the RACC Obligations or the Raytheon Aircraft, RACC and other invitees. The Auction shall be conducted in accordance with the Bidding Procedures. Prior to the Auction, the Debtors, in consultation with the Committee, the Junior Lenders, and Victory Park (if applicable), may establish more detailed auction procedures addressing the manner in which the Auction will be conducted (the "Auction Procedures"). If the Debtors elect to establish the Auction Procedures, such procedures will be made available to all Qualified Bidders no later than one (1) business day prior to the Auction. If no Qualified Bid that provides for performance of the RACC Obligations is

received by the Bid Deadline, then only the Auction of the Assets will be held and the Debtors will proceed with implementation of the return arrangements regarding the Raytheon Aircraft, which return arrangements are specified in a separate Order to be entered contemporaneously herewith.

### Sale Hearing

7. The Court will conduct a sale hearing on **January 5, 2011 at 1:30 p.m.** following the conclusion of the Auction, scheduled pursuant to paragraph 6 of this Order, to consider approval of the highest or best bid(s) for the Assets, whether in bulk or in lots (the "Sale Hearing"). The Court shall consider the Debtors' request to assume and assign executory contracts and unexpired leases at the Sale Hearing.

8. At the Sale Hearing, the highest or best bid made by a bidder(s) (each of which shall be referred to as the "Successful Bidder") for the Assets, whether in bulk or in lots, shall be presented for approval to the Court pursuant to 11 U.S.C. § 363(b) and (f). The bidder making the second highest or best bid (the "Back-Up Bidder"), whether for the bulk or lots of the Assets, shall become the Successful Bidder(s) if the initial respective Successful Bidder does not close on the Sale in the time required. A Back-Up Bidder shall be required to close one (1) business day after its receipt of written notice from the Debtors that the Successful Bidder has defaulted by not closing.

9. Objections, if any, to the sale of the Assets, other than to the Bid Procedures which are being approved by this Order, must: (a) be in writing; (b) comply with the Bankruptcy Rules and the Local Rules; (c) be filed with the clerk of the Bankruptcy Court for the Southern District of Florida, U.S. Courthouse, 299 E. Broward Blvd., Room 112, Fort Lauderdale, Florida 33301 (or filed electronically via CM/ECF), on or before **4:30 p.m. (prevailing Eastern Time)**

**on January 4, 2011** (the "Sale Objection Deadline"); and (d) be served upon (i) counsel to the Debtors, Berger Singerman, P.A., 350 East Las Olas Boulevard, Suite 1000, Fort Lauderdale, Florida 33301, Attn:  (Brian K. Gart, Esq. and Douglas A. Bates, Esq.,) (ii) counsel to the Committee, Gray Robinson, 1221 Brickell Avenue, Suite 1600, Miami, Florida 33131 (Attn: Mr. Robert Schatzman and Mr. Steven Solomon); (iii) counsel for Shelter Island, Greenberg Traurig, P.A., 333 SE 2nd Avenue, Miami, Florida 33131 (Attn: Scott Grossman); (iv) counsel for Taglich, Bast Amron LLP, 1 SE 3rd Ave, Suite 1440, Miami, Florida 33131 (Attn: Jeffrey Bast); (v) counsel for SVSP, Bilzin Sumberg Baena Price & Axelrod, LLP, 1450 Brickell Ave, Suite 2300, Miami, Florida 33131 (Attn: Scott Baena); (vi) counsel to RACC, Bingham McCutchen, LLP, 2020 K Street NW, Washington, DC, 20006 (Attn. Peter Schellie); (vii) counsel to Victory Park, Akerman Senterfitt, One SE Third Avenue, 25th Floor, Miami, Florida 33131 (Attn: James H. Fierberg); (viii)  Andrea Handel, as counsel to the United States of America (including the Department of Transportation and the Federal Aviation Administration), Civil Division, P.O. Box 875 Benfranklin Station, Washington, D.C. 20044 and (ix) the Office of the United States Trustee, 51 S.W. First Avenue, Suite 1204, Miami, Florida  33130, Attn: Heidi Feinman, Esq. and Zana Scarlett in each case, so as to be actually received no later than 4:30 p.m. (prevailing Eastern Time) on the same day.  Any person objecting to the sale of the Assets that has not complied with the requirements of this paragraph shall not be heard at the Sale Hearing.

10. The notice, substantially in the form attached hereto as **Exhibit 1** (the "Sale Notice"), is hereby approved.

11. On or before three (3) business days after entry of this Bidding Procedures Order, the Debtors will cause the Sale Notice, this Bidding Procedures Order and the Bid Procedures Motion (less exhibits) to be sent by first-class mail postage prepaid, to the following: (a) all

creditors or their counsel known to the Debtors to assert a lien (including any security interest), claim, right, interest or encumbrance of record against all or any portion of the Assets; (b) the Office of the United States Trustee; (c) the Securities and Exchange Commission; (d) all applicable federal, state and local taxing and regulatory authorities of the Debtors or recording offices or any other governmental authorities that, as a result of the sale of the Assets, may have claims, contingent or otherwise, in connection with the Debtors' ownership of the Assets or have any known interest in the relief requested by the Motion; (e) the state and local environmental agencies in the jurisdictions where the Debtors own or lease real property; (f) counsel to Shelter Island; (g) counsel to Taglich; (h) counsel to SVSP, (i) counsel to Victory Park; (j) the United States Attorney's office for the Southern District of Florida; (k) Andrea Handel, as counsel to the United States of America (including the Department of Transportation and the Federal Aviation Administration); (l) all parties in interest who have requested notice pursuant to Bankruptcy Rule 2002 as of the date of entry of this Bidding Procedures Order; (m) counsel to the Committee; (n) all counterparties to any executory contract or unexpired lease of the Debtors, including, without limitation, RACC; (o) all other known creditors and interest holders of the Debtors; and (p) all potential bidders previously identified or otherwise known to the Debtors.

12.     Copies of exhibits to the Motion may be obtained by request in writing, by telephone, or via email from counsel to the Debtors: Berger Singerman, P.A., 350 East Las Olas Boulevard, Suite 1000, Fort Lauderdale, Florida 33301, Attn: Brian K. Gart, Esq.; Tel. (954) 525-9900; email at bgart@bergersingerman.com.  In addition, copies of the aforementioned (i) will be available for review on the website of the Debtors' appointed claims, noticing and balloting agent, The Garden City Group ("GCG"), at **www.gulfstreamreorg.com**, (ii) may be

requested by contacting GCG via telephone at (866) 249-8111, and (iii) may be found on the Pacer website, http://ecf.flsb.uscourts.gov.

13. The Debtors, in consultation with the Committee, the Junior Lenders Victory Park (if applicable) and, insofar as they relate to the RACC Obligations or the Raytheon Aircraft, RACC, shall:  A) evaluate bids before the commencement of the Auction for purposes of determining and announcing whether such bids are Qualified Competing Bids, and which, if any, will serve as the opening bid at the Auction, and B) prior to the conclusion of the Auction, review and evaluate Qualified Competing Bids for the purpose of determining the highest or best Qualified Competing Bid.

## Bidding Procedures

14. In order to participate in the Auction, all interested parties, must comply with the Bidding Procedures as follows:

(a) Deadline for Bids:  All bids must be submitted in writing by no later than **January 3, 2011 at 4:30 p.m.** (Eastern Standard Time) (the "Bid Deadline").

(b) Submission of Bids.  Qualified Bidders must submit bids for (i) all of the Assets; (ii) lots consisting of specific categories of the Assets; or (iii) a combination of some or all of the Assets.  In addition, Qualified Bidders must specify whether they intend to accept the assignment of all of the benefits and obligations under the RACC Agreements, including, without limitation, pursuant to the RACC Extension (the "RACC Obligations").

(c) Only persons or entities submitting bids deemed to be qualified (a "Qualified Competing Bid") shall be eligible to bid at the Auction.  Holders of claims entitled to credit bid pursuant to Section 363(k) of the Bankruptcy Code, including the Junior Lenders and, if applicable, Victory Park, shall, unless the Court orders otherwise, be deemed to be Qualified

Bidders without the necessity for the submission of a Qualified Competing Bid hereunder. However, to the extent that holders of claims entitled to credit bid seek to bid in excess of the amount of their respective claim amount, such prospective credit bidder must comply with the procedures outlined in subsection (c)(iii) below with respect to becoming a Qualified Bidder. Any and all rights to object to any credit bid shall be preserved until the conclusion of the Sale Hearing.  To be a Qualified Competing Bid, the Qualified Bidder must:

       i.    Deliver, not later than the Bid Deadline, to the Debtors, the Committee, RACC, the Junior Lenders, Victory Park (if applicable) and their respective counsel, an executed purchase agreement (the "<u>Proposed Purchase Agreement</u>") setting forth the complete terms and conditions of the bid, provided that any bidder seeking to purchase the Raytheon Aircraft would be doing so pursuant to the terms contained in the RACC Letter Agreement.  If, pursuant to paragraph 27 below, the Debtors provide the recipients of the Bid Package with a form purchase agreement, then the Proposed Purchase Agreement shall be in redline form and shall be a marked version showing any revisions to the purchase agreement supplied by the Debtors pursuant to paragraph 27. Each bid must fully disclose the identity of all persons, firms, corporations or other entities that hold an ownership interest in the bidder and whether there is any relationship between the bidder and the Debtors.

       ii.    Deposit in escrow in the trust account of counsel for the Debtors, in the amount corresponding to the category of Asset(s), which shall in no event be less than 10% of the total consideration being offered (the "<u>Deposit</u>"), which deposit shall be non-refundable and shall not in any event be applied toward a Qualified Competing Bidder's performance of the RACC Obligations, in the event such prospective purchaser is determined by the Court to be the Successful Bidder or the Back Up Bidder; and

3270930-9

     iii. Provide evidence reasonably satisfactory to the Debtors, the Junior Lenders, the Committee, Victory Park (if applicable) (and RACC solely to the extent that the bid includes performance of the RACC Obligations) demonstrating the bidder's financial ability to close and to consummate an acquisition of the Assets and, if included in the bid, to timely satisfy the RACC Obligations, including, without limitation, audited financial statements (if available), as well as evidence of the bidder's ability to provide adequate assurance of future performance under any unexpired leases and executory contracts pursuant to section 365 of the Bankruptcy Code.

    d. The Debtors are not soliciting, and will not accept, any bid proposals that contemplate solely the acquisition of the Debtors' FAA operating certificates (the "<u>FAA Operating Certificates</u>") on a stand-alone basis.  In addition, any Qualified Bidder seeking to obtain the Operating Certificates must describe the manner and method they will maintain the FAA Operating Certificates and obtain Department of Transportation and Federal Aviation Administration approval for same.  The FAA Operating Certificates are non-transferable.  The FAA may issue a new or amended operating certificate to the purchaser only after the FAA has evaluated the purchaser and determined that it is properly and adequately equipped and able to conduct safe operations.  Moreover, the transfer of the Certificate of Public Convenience and Necessity issued by the Department of Transportation is subject to the prior approval of the Department of Transportation.

  15. <u>Bids are Irrevocable</u>.  Qualified Competing Bids submitted on or before the Bid Deadline, or as increased by a bidder at the Auction, shall remain open and irrevocable through the conclusion of the Sale Hearing.  Acceptance of a bid shall, in all respects, be subject to the entry of an Order by the Court that, among other things, approves the Proposed Purchase

3270930-9

Agreement and authorizes the Debtors to consummate the sale of the Assets to the Successful Bidder.  The failure of the Successful Bidder to close the transaction as required shall result in the forfeiture of its Deposit as liquidated damages.

16. If the Debtors, in their business judgment and after consultation with the Committee, the Junior Lenders and Victory Park (if applicable), determine that the Qualified Competing Bids received on categories of Assets are collectively higher or better bids than any Qualified Bid for the sale of the Assets in bulk, Qualified Bidders which have submitted Qualified Competing Bids for the Assets in bulk shall be permitted to bid on any category(ies) of Assets before the conclusion of the Auction on the Auction Date, but the Auction Date shall not be continued for such purpose.

### Closing

17. If a Qualified Competing Bidder seeks to purchase any of the Assets separate and apart from performance of the RACC Obligations, such bidder's Proposed Purchase Agreement shall provide for a closing in respect of such Assets no later than three (3) calendar days from the earlier of the (i) the Order approving the Sale of the Assets pursuant to Fed. R. Bankr. P. Rule 6004(g), which, insofar as it relates in any way to the performance of the RACC Obligations, shall be in a form and substance reasonably acceptable to RACC (the "Sale Order"), becomes a final order, as to which no stay pending appeal has been sought or obtained on or before the closing; or (ii) entry of the Sale Order if such Sale Order contains a waiver of the 14-day stay (the "Closing Date").

18. In the event that a Qualified Competing Bidder seeks to purchase the Assets as part of a going-concern sale, which includes the performance of the RACC Obligations, the Debtors, in consultation with the Committee, the Junior Lenders, Victory Park (if applicable),

and RACC, reserve the right to extend the Closing Date provided that a additional non-refundable going-concern fee (the "Going-Concern Fee") be immediately funded by such Qualified Competing Bidder. The Going-Concern Fee will be sufficient for, and will be utilized by, the Debtors for the purpose of continuing ordinary course business operations through and including the extended closing date. On December 24, 2010, the amount of Going-Concern Fee will be made available to any recipient of the Bid Package.

### Executory Contracts and Unexpired Leases

19. Within three (3) business days of the entry of this Order, the Debtors shall provide notice to all counterparties to executory contracts and unexpired leases which the Debtors intend to assume and assign pursuant to a Successful Bid (the "Assumption Notice"), which Assumption Notice will include cure amounts relating to the specific executory contracts and unexpired leases that the Debtors seek to assume and assign. All Qualified Competing Bids shall identify those executory contracts and unexpired leases that the respective Qualified Bidder seeks for the Debtors to assume and assign as part of the sale of the Assets. The Debtors, in consultation with the Committee and respective counsel to the Junior Lenders and Victory Park, after determining the highest or best bid for the Assets, shall provide sufficient information, on an overnight basis, to all counterparties to executory contracts and unexpired leases so that such counterparty may adequately evaluate the proposed assignee's ability to comply with § 365 of the Bankruptcy Code (the "Post-Auction Notice"). A counterparty to such an executory contract that receives a Post-Auction Notice shall have any objection to such assumption and assignment considered at the Sale Hearing.

20. Any counterparty presenting an objection to the Debtors' assumption and assignment of an executory contract or unexpired lease at the Sale Hearing shall be prepared to

3270930-9

set forth: (i) the nature of the objector's unexpired lease or executory contract; (ii) the basis for the objection; (iii) the specific grounds therefor; and (iv) all evidence in support of said objection, and shall be filed and served.  Any and all objections to the Debtors' assumption and assignment of any executory contract or unexpired lease shall be heard and determined at the Sale Hearing.

21.     Any assumption and assignment of any executory contracts wherein the United States Government is the counter-party to such contract shall require the consent of the United States Government.

### The RACC Obligations

22.     The Successful Bidder, to the extent such bidder agrees to perform the RACC Obligations as part of their Qualified Competing Bid, shall meet the RACC Obligations within the time parameters included herein and close of the transactions contemplated by the RACC Letter Agreement by not later than January 6, 2011 unless extended pursuant to the closing provisions of paragraph 18 above.

23.     The Debtors are hereby authorized to execute and deliver all instruments and documents and take any additional actions as may be necessary or appropriate to implement and effectuate the relief granted herein.

### Form and Manner of Notice

24.     Pursuant to Bankruptcy Rules 2002, 6004 and Local Rule 2002-1(K), notice of the Bidding Procedures and the Sale is limited to those parties who have filed notices of appearance, creditors who have filed proofs of claim and those parties who had previously indicated an interest in submitting a bid for the Assets.  In addition, in compliance with requests made by the Securities and Exchange Commission (the "<u>SEC</u>"), the Debtors shall distribute a

Notice of Sale, substantially in the form annexed as **Exhibit "1"** hereto, to the holders of the Debtors' publicly traded stock as reflected in the records maintained by the Debtors' transfer agent as of the close of business on the Petition Date, which include, without limitation the brokers, dealers, commercial banks, trust companies, or other nominees (collectively, the "<u>Nominee Stockholders</u>") through which the beneficial owners (collectively, the "<u>Beneficial Stockholders</u>") hold stock.

25. The Bid Package (as defined in the Bid Procedure Motion) is approved and shall contain the following:

    (a) Summary Sheet containing the date of Auction and inspection dates for the Asset and General Terms and Conditions of the Sale and Auction, including Assets subject of the Sales;

    (b) Copy of this Order;

    (c) Form of Non-Circumvention/Non-Disclosure Agreement; and

    (d) Copy of the RACC Letter Agreement.

26. The Debtors shall serve a copy of this Order or the Bid Package on all parties who have expressed an interest in acquiring the Assets since the Petition Date. A copy of a form purchase agreement, if and as agreed to by the Debtors, the Committee, the Junior Lenders and Victory Park (if applicable), shall be made available to recipients of the Bid Package no later than December 24, 2010.

27. In addition, parties interested in submitting a bid may request a information from the Debtors or the Debtors' advisors, at their own expense.

28. The Court retains jurisdiction to enforce, modify and interpret this Order as appropriate.

# # #

3270930-9

Submitted by:
Brian K. Gart, Esq.
Douglas A. Bates, Esq.
Berger Singerman, P.A.
350 E. Las Olas Boulevard
Suite 1000
Fort Lauderdale, FL 33301
Tel. (954) 525-9900
Fax (954) 523-2872
bgart@bergersingerman.com
dbates@bergersingerman.com

Copy furnished to:
Brian K. Gart, Esq.
*(Attorney Gart is directed to serve a conformed copy of this Order upon all interested parties, and to file a Certificate of Service with the Court).*

3270930-9

# **EXHIBIT 1**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:                                                                  Chapter 11 Cases

GULFSTREAM INTERNATIONAL                       Case No.: 10-44131-JKO
GROUP, INC., *et al.*,**1**                                 Jointly Administered

        Debtors.
_____/

### NOTICE OF SALE BY PUBLIC AUCTION AND SALE HEARING

**PLEASE TAKE NOTICE** that on November 19, 2010, Gulfstream International Group, Inc., along with the co-debtors listed in footnote 1 below (collectively, the "Debtors") filed *Debtors' Emergency Motion for Orders Pursuant To 11 U.S.C. §§ 105, 363 And 365 And Fed. R. Bankr. P. 2002, 6004, 6006 And 9014 (A) Approving (I) Bidding Procedures, (II) Form And Manner Of Sale Notices, And (III) Sale Hearing Date And (B) Authorizing And Approving (I) Sale Of A Portion Of Or Substantially All Of The Debtors' Assets Free And Clear Of Certain Liens, Claims, And Encumbrances, and (II) Assumption And Assignment Of Executory Contracts And Unexpired Leases* (the "Motion") [D.E. #98]. The Debtors seek to sell some or all of the Assets (as defined in the Motion), to the successful bidder(s) at an auction (the "Successful Bidder"), free and clear of all liens, claims, encumbrances and other interests pursuant to section 363 of the Bankruptcy Code.

**PLEASE TAKE FURTHER NOTICE** that on December____, 2010, the Bankruptcy Court entered an order [Docket No.   ]   (the "Bid Procedures Order") approving the bidding procedures (the "Bidding Procedures"), which set the key dates and times related to the sale of the Assets. ***All interested bidders should carefully read the Bidding Procedures.***

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Bidding Procedures Order, an auction (the "Auction") to sell the Assets and to provide for the assignment to the successful bidder of various contracts and leases, including an option to purchase certain aircraft operated by the Debtors, will be conducted at Berger Singerman, P.A., 350 East Las Olas Blvd., Suite 1000, Fort Lauderdale, 33301 (the "Auction Date"). Only a Qualified Competing Bidder (as defined in the Bid Procedures Order), and their advisors, who submits a Qualified Bid by no later than **January 3, 2011 at 4:30 p.m.** (prevailing Eastern time), as well as other parties specified in the Bid Procedures Order, will be permitted to participate in and/or make any statements on the record at the Auction.

---

1 The address of each of the Debtors is 3201 Griffin Road, 4th Floor, Fort Lauderdale, FL 33312; and the last four digits of the taxpayer identification number of each of the Debtors follows in parenthesis: (i) Gulfstream International Group, Inc. (3956); (ii) Gulfstream International Airlines, Inc. (1720); (iii) Gulfstream Training Academy, Inc. (5843); (iv) GIA Holdings Corp., Inc. (9548); and (v) Gulfstream Connection, Inc. (1208).

3289234-3

**PLEASE TAKE FURTHER NOTICE** that a hearing will be held to confirm the results of the Auction and approve the sale of the Assets and certain other interests to the Successful Bidder (the "Sale Hearing") before the Honorable John K. Olson, United States Bankruptcy Judge, in the United States Bankruptcy Court, 299 E. Broward Blvd., Room 301, Fort Lauderdale, Florida 33301 on January 5, 2011 at 1:30 p.m. (prevailing Eastern time), or at such time thereafter as counsel may be heard. The Sale Hearing may be adjourned from time to time without further notice to creditors or parties in interest other than by announcement of the adjournment in open court on the date scheduled for the Sale Hearing.

**PLEASE TAKE FURTHER NOTICE** that this Notice of Auction and Sale Hearing is subject to the terms and conditions of the Motion, and the Bid Procedures Order which shall control in the event of any conflict and the Debtors encourage parties in interest to review such documents in their entirety. A copy of the Motion and/or the Bid Procedures Order may be obtained by written request made to counsel to the Debtors, Berger Singerman, 350 East Las Olas Boulevard, Suite 1000, Fort Lauderdale, Florida 33301, Telephone: (954) 525-9900, Facsimile: (954) 523-2872, via email: bgart@bergersingerman.com, Cassel Salpeter & Co., LLC, Attn: James Cassel, 801 Brickell Avenue, Suite 650, Miami, Florida 33131, Telephone: (305) 438-7701, Facsimile: (305) 438-7710, via email: jcassel@cs-ib.com, or at the website of the Debtors' claims and noticing agent, Garden City Group ("GCG"), at http://www.gulfstreamreorg.com.