UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:                                                                    Chapter 11 Cases

GULFSTREAM INTERNATIONAL                      Case No.: 10-44131-JKO
GROUP, INC., et al.,[1]                                   Jointly Administered

_____Debtors._____/

**EMERGENCY MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS TO RECONSIDER AMENDED ORDER (1) ESTABLISHING
COMPETITIVE SALE AND BID PROCEDURES FOR THE SALE OF
SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS; (II) APPROVING FORM
AND MANNER OF NOTICES; (III) SCHEDULING HEARING DATES TO
CONDUCT AUCTION AND TO CONSIDER FINAL APPROVAL OF SALE
INCLUDING TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED
LEASES; AND (IV) GRANTING RELATED RELIEF [D.E. #213]**

**(Emergency Hearing Requested)**

> Pursuant to Local Rule 9075-1, the Committee asks this Court to consider this Motion on December 30, 2010 at 9:30 a.m. in conjunction with other related matters concerning the Debtors' bankruptcy cases. If the relief requested by the Committee is granted, it will be unnecessary to continue with the auction and sale process scheduled for the week of January 3, 2011. Therefore, the Committee believes it is necessary for this matter to be considered on an emergency basis. The Committee has made a bone fide attempt to resolve the disputed issues without success.

The Official Committee of Unsecured Creditors of Gulfstream International Group, Inc. (the "Committee"), by and through undersigned counsel, files this motion to reconsider this Court's Amended Order (1) Establishing Competitive Sale and Bid Procedures for the Sale of Substantially All of the Debtors' Assets; (II) Approving Form and Manner of Notices; (III) Scheduling Hearing Dates to Conduct Auction and to

---

[1] The Debtors are defined as Gulfstream International Group, Inc.; Gulfstream International Airlines, Inc.; (iii) Gulfstream Training Academy, Inc.; (iv) GIA Holdings Corp., Inc.; and (v) Gulfstream Connection, Inc.

Consider Final Approval of Sale Including Treatment of Executory Contracts and Unexpired Leases; and (IV) Granting Related Relief (the "**Bid Procedures Order**") [D.E. #213] and states:

## BACKGROUND

1. The Bid Procedures Order establishes the rules and timeline for the sale of substantially all of the Debtors' assets. Assuming one or more Qualified Bids are submitted by January 3, 2011, the Debtors are scheduled to conduct an auction sale the following morning, January 4, 2011.[2] The Debtors' secured creditors, Victory Park Capital Advisors, LLC and the Junior Lenders, have each reserved their rights to credit bid at the auction sale.[3] Regardless of the ultimate outcome, the Bid Procedures Order provides the vehicle by which all of the collateral pledged to the secured creditors will be conveyed, whether to a third party or pursuant to a credit bid.

2. The secured creditors are using the Bid Procedures Order and Chapter 11 as a way to liquidate the Debtors pursuant to Section 363 of the Bankruptcy Code without pursuing a plan process or otherwise providing any consideration to creditors other than those who are secured.

3. At the time of the Committee's formation, the Debtors had already sought this Court's approval of the Bid Procedures Order. The Committee immediately mobilized and asserted themselves in the process. In exchange for this support, the Committee expected the Junior Lenders to support the Debtors' budget and the payment of professional fees necessary to at least complete the process outlined by the Bid

---

[2] Defined terms used herein but not otherwise defined shall be ascribed their meaning under the Bid Procedures Order.
[3] Junior Lenders means, collectively Shelter Island Opportunity Fund, LLC ("Shelter Island"), Taglich Brothers, Inc. ("Taglich") as collateral agent on its own behalf and for the Purchasers listed on Exhibit A to the Taglich Debt Documents (together with Taglich, individually and collectively, the "Taglich Note Purchasers"), and SAH-VUL Strategic Partners I, LLC ("SVSP").

Procedures Order. At the same time, the Committee presented a proposal to the Junior Lenders which would address the general unsecured creditors.

4. It is now abundantly clear that the Bid Procedures Order was orchestrated simply to benefit the secured creditors. Shelter Island has moved for reconsideration of this Court's Third Interim Cash Collateral Order (which provides for the payment of professional fees pursuant to an attached budget and analysis) [D.E. #248]. In addition, by letter dated December 27, 2010, Shelter Island objected to all professional fees requested pursuant to the Court's Interim Fee Order [D.E. #196]. Moreover, none of the secured creditors have made a proposal to the general unsecured creditors in any form or amount.

5. The Committee was willing to support the Bid Procedures Order so long as the various constituents were working towards the same goal. Obviously, the secured creditors are now only focused on completing next week's planned auction process without making any provisions for payment of professional fees or a distribution to general unsecured creditors.

6. The Committee no longer supports the Bid Procedures Order. It is inappropriate and contrary to Chapter 11 principles to allow the secured creditors to use the Chapter 11 process only for their benefit.

7. Consistent with the relief requested herein, the Committee has also filed an Emergency Motion to Convert the Debtors' Cases to Chapter 7 (the "Conversion Motion") [D.E. # 253]. In the event the Court grants the Conversion Motion, the Committee believes it will become necessary to cancel the auction sale in order to permit

the appointed Chapter 7 Trustee to evaluate the most appropriate manner in which to liquidate the Debtors.

WHEREFORE, the Committee respectfully requests the entry of an order which vacates the Bid Procedures Order and provides for such other and further relief as this Court deems just and proper.

Dated: December 29, 2010

GRAYROBINSON, P.A.
1221 Brickell Avenue, Suite 1650
Miami, Florida 33131
Telephone: (305) 416-6880
Facsimile: (305) 416-6887

　　　　/s/ Steven J. Solomon
Robert A. Schatzman
Florida Bar No. 0139008
Steven J. Solomon
Florida Bar No. 931969
*Counsel to Official Committee of Unsecured Creditors*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by electronic mail upon all parties and counsel identified on the CM/ECF service list maintained by the Court for this case, on December 29, 2010.

　　　　/s/ Steven J. Solomon
Steven J. Solomon

\7\326 - # 391009 v1

4