UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 Cases |
| GULFSTREAM INTERNATIONAL GROUP, INC., et al.,[1] | Case No.: 10-44131-JKO<br>Jointly Administered |
| _____Debtors._____/ | |

**OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO AMENDED ORDER (1) ESTABLISHING COMPETITIVE SALE AND BID PROCEDURES FOR THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS; (II) APPROVING FORM AND MANNER OF NOTICES; (III) SCHEDULING HEARING DATES TO CONDUCT AUCTION AND TO CONSIDER FINAL APPROVAL OF SALE INCLUDING TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (IV) GRANTING RELATED RELIEF [D.E. #213]**

The Official Committee of Unsecured Creditors of Gulfstream International Group, Inc. (the "Committee"), by and through undersigned counsel, hereby objects to the Amended Order (1) Establishing Competitive Sale and Bid Procedures for the Sale of Substantially All of the Debtors' Assets; (II) Approving Form and Manner of Notices; (III) Scheduling Hearing Dates to Conduct Auction and to Consider Final Approval of Sale Including Treatment of Executory Contracts and Unexpired Leases; and (IV) Granting Related Relief (the "**Bid Procedures Order**") [D.E. #213] as follows:

### BRIEF BACKGROUND OF RELIEF REQUESTED

1. The Bid Procedures Order provides, in pertinent part, as follows:

> Holders of claims entitled to credit bid pursuant to Section 363(k) of the Bankruptcy Code, including the Junior Lenders and, if applicable, Victory Park, shall, *unless the Court orders otherwise*, be deemed to be Qualified

_____

[1] The Debtors are defined as Gulfstream International Group, Inc.; Gulfstream International Airlines, Inc.; (iii) Gulfstream Training Academy, Inc.; (iv) GIA Holdings Corp., Inc.; and (v) Gulfstream Connection, Inc.

>Bidders without the necessity for the submission of a Qualified Competing Bid hereunder.  However, to the extent that holders of claims entitled to credit bids seek to bid an excess of the amount of their respective claim amount, such prospective credit bidder must comply with the procedures outlined in Subsection (c)(3) below with respect to becoming a Qualified Bidder.  *Any and all rights to object to any credit bid shall be preserved until the conclusion of the Sale Hearing*.  [emphasis added]

Bid Procedures Order at 14(c). [2]

2.    Based upon preliminary information obtained, the Committee believes the claims asserted by Taglich and SVSP may be subject to recharacterization or subordination pursuant to Section 510 of the Bankruptcy Code.  If the Committee is ultimately successful in its challenge, than neither Taglich nor SVSP are entitled to credit bid at the auction sale.  Therefore, the Committee objects to either Taglich or SVSP being deemed a Qualified Bidder simply by virtue of their alleged secured claim, and the Committee further asks the Court to require Taglich and SVSP, to the extent either wishes to participate in the auction sale, to separately meet the same requirements of any other bidder before becoming a "Qualified Bidder."

3.    In addition, the Committee objects to the extent either SVSP or Taglich intend to rely only on a credit bid in order to participate in the auction.  In the event the Court ultimately determines that SVSP or Taglich is wholly unsecured, partially unsecured or subordinate to the holders of allowed general unsecured claims, then the estate is entitled to be compensated for the amount of any successful credit bid.  As a result, the Committee recommends that SVSP and Taglich each be required to demonstrate an independent financial ability to bid at the auction sale, escrow in cash any amount successfully credit bid until the Court can validate their secured

---

[2] As referenced in numerous court papers, Junior Lenders means, collectively Shelter Island Opportunity Fund, LLC ("Shelter Island"), Taglich Brothers, Inc. ("Taglich") as collateral agent on its own behalf and for the Purchasers listed on Exhibit A to the Taglich Debt Documents (together with Taglich, individually and collectively, the "Taglich Note Purchasers"), and SAH-VUL Strategic Partners I, LLC ("SVSP").

position, or provide such other protections as may be reasonably necessary to protect the estates. Otherwise, a successful credit bid which is ultimately successfully recharacterized or subordinated would leave the estate with additional litigation as its only remedy to recover amounts improperly credit bid. Based upon representations, information and belief, the debt in favor of SVSP and Taglich is held in a special purpose entity which holds no other assets. Therefore, unless the estate is protected at the outset, any future litigation claims will be meaningless.

4.     The Bid Procedures Order contemplates an objection to any of the Junior Lenders being treated as a Qualified Bidder, as well as a reservation of rights to consider objections to any credit bid until the conclusion of the hearing to approve the auction sale. Therefore, the Committee considers this objection both timely and appropriate.

## BASIS FOR OBJECTION
### Taglich Brothers

5.     Taglich and its affiliates own at least 280,000 of the Debtors' issued and outstanding shares. In addition, Taglich has been or is represented on the Board of Directors of Gulfstream International Group, Inc.

6.     Upon information provided to the Committee, the financial condition of the Debtors began deteriorating during the First Quarter of 2010. At that time, the Debtors asked Taglich to provide additional financing to protect its equity position. Taglich agreed to provide financing, subject to a subordination and intercreditor agreement with Shelter Island. In addition, Taglich demanded the issuance of warrants in Gulfstream International Group, Inc., the ability to exert greater control over corporate governance and greater representation on the Board

of Directors. In addition, Taglich oversaw and approved every disbursement made by the Debtors and maintained daily communication with the Debtors' Chairman of Board.

7. In all meaningful ways, Taglich was consulted on all critical business decisions and assumed various control positions. Based upon the equity relationship, board control and day-to-day business involvement, the Committee believes a more thorough investigation into whether any debt instrument in favor of Taglich should be recast as equity is appropriate.

### SVSP

8. On or about August 2, 2010, SVSP allegedly loaned $1,500,000 to the Debtors pursuant to a Secured Convertible Promissory Note (the "Note"). Pursuant to Section 510(b) of the Bankruptcy Code, the Note may be subject to subordination.

9. Up until shortly before the filing of the Debtors' bankruptcy petitions, SVSP held at least two director positions on the Board of Directors of Gulfstream International Group, Inc. Separately, the Committee may also demonstrate that any amounts "loaned" to the Debtors by SVSP is actually equity disguised as debt. Like in the case of Taglich, SVSP may assert an equity position against Gulfstream International Group, Inc. and was allegedly asked to make a "protective loan" shortly before the filing of the Debtors' bankruptcy. The only logical reason SVSP would have made any loan to the Debtors would have been to protect its equity and control position. Regardless, the Committee believes the underlying transactions and relationships require a further investigation.

### **CONCLUSION**

10. Since its appointment, the Committee has focused its efforts almost entirely on issues concerning cash collateral and the sale process. Nevertheless, based upon initial information informally provided, the Committee believes a more complete forensic examination

into the relationships between the Debtors and each of Taglich and SVSP will become necessary. In the event the Committee is successful in recharacterizing or subordinating either of their positions, then any right to credit bid will be eliminated. Therefore, the Committee asks this Court to require Taglich and SVSP to credential as a Qualified Bidder in the same manner as any other bidder is required. In addition, to the extent either of SVSP or Taglich is a successful bidder at the auction sale, the Committee will be asking the Court to require the successful bidder to provide a cash escrow or other assurances of their ability to pay the estates an amount equal to any accepted credit bid.

WHEREFORE, the Committee objects to: (1) deeming either SVSP or Taglich as a Qualified Bidder without requiring each of them to meet the qualifying credentials required by the Bid Procedures Order; (2) requiring either SVSP and Taglich to provide cash or cash assurances equal to the amount of any successful credit bid; and (3) for such other and further relief as this Court deems just and proper.

Dated: January 4, 2011.

GRAYROBINSON, P.A.
1221 Brickell Avenue, Suite 1650
Miami, Florida 33131
Telephone: (305) 416-6880
Facsimile: (305) 416-6887

　　　/s/ Steven J. Solomon　　　
Robert A. Schatzman
Florida Bar No. 0139008
Steven J. Solomon
Florida Bar No. 931969
*Counsel to Official Committee of Unsecured Creditors*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by electronic mail upon all parties and counsel identified on the CM/ECF service list maintained by the Court for this case, on January 4, 2011.

                                        /s/ Steven J. Solomon
                                        Steven J. Solomon

\303467\1 - # 392174 v1