

**ORDERED in the Southern District of Florida on January 05, 2011.**

John K. Olson, Judge
United States Bankruptcy Court

___

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 Cases |
| GULFSTREAM INTERNATIONAL GROUP, INC., et al., | Case No.: 10-44131-JKO<br>Jointly Administered |
|      Debtors.         / | |

**ORDER AMENDING AND SUPPLEMENTING THIRD INTERIM ORDER
AUTHORIZING DEBTORS' CONTINUED USE OF CASH COLLATERAL [D.E. #237]**

THIS MATTER came before the Court on December 30, 2010 at 9:30 a.m. upon the *Debtors' Motion for Interim and Final Orders (I) Authorizing (A) Secured Post-Petition Financing Pursuant to 11 U.S.C. §§ 105,361, 362, 364(c)(1), (c)(2),(c)(3), and (d); (B) Granting Security Interests, Superpriority Liens and Claims and Adequate Protection; and (C) Use of Cash Collateral and (II) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(C)* (the "Cash Collateral Motion") [D.E. No. 8]. Appearances on the record were made by counsel for each of the Office of the United States Trustee, the Debtors, the Official Committee of Unsecured Creditors (the

"Committee"), Shelter Island Opportunity Fund, LLC ("Shelter Island"), Taglich Brothers, Inc. ("Taglich"), SAH-VUL Strategic Partners I, LLC ("SVSP") (Shelter Island, Taglich and SVSP are collectively referred to as the "Junior Lenders") and Victory Park Capital Advisors, LLC.  At the hearing, counsel for the Committee advised the Court of an agreement reached between the Junior Lenders, on the one hand, and the estate professionals on the other hand, concerning the payment of professional fees from the Cash Collateral pledged to the Junior Lenders.  The Office of the United States Trustee objected to the agreement to the extent it contemplates a structured dismissal of the Debtors' bankruptcy cases.  Jetstream Aviation Capital was not present at the hearing, but the Debtors represented their consent to the agreement.  Garden City Group was not represented at the hearing.  As a result of this agreement, which included the withdrawal by Shelter Island of its (i) *Motion, dated December 27, 2010, to Reconsider* [ECF No. 248] *the Third Interim Order Authorizing Debtors' Continued Use of Cash Collateral, and Scheduling Further Preliminary Hearing to Consider Debtors' Motion for Interim and Final Orders (I) Authorizing (A) Secured Post-Petition Financing Pursuant to 11 U.S.C. §§ 105, 361, 362, 364(c)(1), (c)(2), (c)(3), And (d); (B) Granting Security Interests, Superpriority Liens and Claims and Adequate Protection; and (C) Use of Cash Collateral And (II) Scheduling a Final Further Preliminary Hearing Pursuant to Bankruptcy Rule 4001(b)* [ECF No. 237] (the "Third Cash Collateral Order")  and (ii) letter dated December 27, 2010 objecting to the payment of fees pursuant to the Court's interim compensation order, the Debtors, the Committee and the Junior Lenders collectively moved the Court to modify the Third Cash Collateral Order for the limited purpose of memorializing the professional fee agreement (the "Motion to Modify the Third Cash Collateral Order").  After considering the arguments of counsel for each of the Junior Lenders, the Debtors, the Office of the United States Trustee and the Committee, the Court ORDERS as follows:

A. The Motion to Modify the Third Cash Collateral Order is GRANTED.

B. The Third Cash Collateral Order is AMENDED to add the following:

5. Notwithstanding anything to the contrary herein, the Debtors may use the Cash Collateral to fund the Professional Fee Escrow only with respect to each of the referenced estate professionals and only to the extent of the specified amount below (the "Professional Fee Carve-Out"):

| | |
|---|---|
| Berger Singerman, P.A., as counsel to the Debtors | $370,000 |
| The Garden City Group | 70,000[1] |
| Jetstream Aviation Capital, as financial advisors to the Debtors | 85,000 |
| GrayRobinson, P.A., as counsel to the Committee | 140,000 |
| Total | $665,000 |

6. Once the Professional Fee Carve-Out is fully funded, the Junior Lenders shall not be subject to further surcharge under Section 506(c) of the Bankruptcy Code for professional fees in excess of the Professional Fee Carve-Out so long as the following conditions are met: (i) a closing or closings of any sale of the Debtors' assets must occur on or before January 31, 2011 and (ii) structured dismissals of the Debtors' bankruptcy cases shall occur within thirty (30) days of the closings on the sale of the Debtors' assets.

7. Berger Singerman, P.A. and Jetstream Aviation Capital may immediately apply their pre-pretition retainers in the amount of $125,000 and $50,000, respectively, against the outstanding fees and costs for the period from November 1, 2010 through November 30, 2010 (the "November Period"). In addition, the Debtors are immediately authorized to disburse the following amounts for fees and expenses from the Professional Fee Escrow relative to the November Period, after application of the foregoing retainers:

| | |
|---|---|
| Berger Singerman, P.A., as counsel to the Debtors | $ 44,600 |
| The Garden City Group | 30,000 |
| GrayRobinson, P.A., as counsel to the Committee | 33,600 |
| Total | $ 108,200 |

8. The Professional Fee Carve-Out may not be used for the investigation of or challenge to any of the liens against the Debtors assets asserted by any of the Junior Lenders, or to bring any claims or objections, including subordination or recharacterization, against any of the Junior Lenders.

---

[1] Although The Garden City Group is not a professional retained pursuant to 11 U.S.C. §327, this Order limits the Debtors' use of the Cash Collateral to pay The Garden City Group.

9.    Nothing contained in this Order shall limit the ability of (i) any estate professional to seek the allowance of professional fees and expenses in excess of the Professional Fee Carve-Out or payment from sources other than the Cash Collateral or (ii) any party in interest to object to the allowance or payment of such fees and expenses.

10.    Notwithstanding any implications to the contrary contained in paragraph 6, supra, any dismissals of the Debtors' bankruptcy cases, whether structured or otherwise, must be separately approved by this Court upon an appropriate motion and only after notice and a hearing.

###

**Submitted by:**
Steven J. Solomon, Esq.
GrayRobinson, P.A.
1221 Brickell Ave, Suite 1600
Miami, Florida 33131
(305) 416-6880
(305) 416-6887


The party submitting this order shall serve a copy of the signed order on all parties listed below and file with the court a certificate of service conforming with Local Rule 2002-1(F).


\303467\1 - # 392548 v1