# EXHIBIT A

## GULFSTREAM INTERNATIONAL GROUP
## LIQUIDATING TRUST AGREEMENT

This Liquidating Trust Agreement, dated as of July 13, 2011, is established pursuant to the Chapter 11 Plan of Liquidation (the "Plan") for Gulfstream International Group ("Gulfstream") and its affiliated chapter 11 debtors (collectively, the "Debtors"), and is accepted by the Liquidating Trustee on behalf of the Liquidating Trust beneficiaries for the purpose of liquidating the Liquidating Trust Assets, including the Debtors' Assets transferred to the Liquidating Trust on the Effective Date pursuant to the Plan, which are deemed transferred to and vested in the Liquidating Trust pursuant to the Plan, and distributing the proceeds of the Liquidating Trust Assets to the Liquidating Trust beneficiaries pursuant to the terms of the Plan.

## RECITALS:

WHEREAS, the Debtors filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Florida (the "Bankruptcy Court") on November 4, 2010, and their bankruptcy cases remain pending (the "Chapter 11 Cases");

WHEREAS, the Official Committee of Unsecured Creditors was appointed in the Chapter 11 Cases on November 19, 2010 (the "Committee");

WHEREAS, the Committee filed the Plan on July 13, 2011;

WHEREAS, pursuant to the Plan, a grantor trust is to be established for the purpose of liquidating the Liquidating Trust Assets for the benefit of the Liquidating Trust beneficiaries, who are the beneficiaries of the Liquidating Trust to be formed herein;

WHEREAS, the Plan provides that, as of the Effective Date, by their execution of this Agreement, the Debtors shall transfer, assign and deliver all of their rights, title and interests in and to the Liquidating Trust Assets, including Causes of Action, to the Liquidating Trust and all such Liquidating Trust Assets shall vest in the Liquidating Trust by way of such transfer, assignment and delivery as of the Effective Date;

WHEREAS, the Plan provides that the Liquidating Trustee, not in his individual capacity, but solely as trustee of the Liquidating Trust for the benefit of the Liquidating Trust beneficiaries, shall acquire all right, title and interest in the Liquidating Trust Assets for the benefit of the Liquidating Trust beneficiaries for the purpose of monetizing such assets and distributing the net proceeds thereof to the Liquidating Trust beneficiaries in accordance with the terms of the Plan and this Liquidating Trust Agreement;

WHEREAS, from and after the Effective Date, the Liquidating Trustee shall be authorized and directed, on behalf of the Liquidating Trust beneficiaries, to take all steps

necessary to execute any documents or other instruments as may be necessary or appropriate to transfer or confirm transfer of the Liquidating Trust Assets to the Liquidating Trust;

WHEREAS, the Liquidating Trustee shall also manage the Liquidating Trust and liquidate the Liquidating Trust Assets for the benefit of the Liquidating Trust beneficiaries in accordance with the terms and conditions of the Plan and this Liquidating Trust Agreement;

WHEREAS, the net proceeds of the Liquidating Trust Assets are to be distributed by the Liquidating Trustee to the Liquidating Trust beneficiaries in accordance with the Plan and this Liquidating Trust Agreement;

WHEREAS, the following individual has agreed to serve as the Liquidating Trustee in accordance with the terms of this Liquidating Trust Agreement and the Plan:

> Kenneth A. Welt
> Kenneth A. Welt, P.A.
> 1844 N Nob Hill Road, #615
> Plantation, FL 33322-6548

WHEREAS, the Liquidating Trust shall be formed in accordance with the Plan;

WHEREAS, the Liquidating Trust created by this Agreement is (i) a distinct legal entity from the Debtors, each of which shall have no liability whatsoever for any obligations of the Liquidating Trust pursuant to the Plan, this Agreement or otherwise, and is intended to (i) qualify as a trust governed and construed in all respects as a liquidating trust pursuant to Treas. Reg. §301.7701-4(d) of the United States Treasury Regulations and as a grantor trust in favor of the Liquidating Trust beneficiaries pursuant to Treas. Reg. §1.671-4(a); and (ii) comply with the requirements of a liquidating trust, which is a grantor trust, as set forth in Revenue Procedure 94-45, 1994-2 C.B. 684.

NOW, THEREFORE, in consideration of the recitals and promises set forth herein, and in exchange for other good and valuable consideration, the receipt and sufficiency of which is hereby mutually acknowledged, the parties hereto agree as follows:

1. <u>Definitions</u>. When used in this Liquidating Trust Agreement, unless otherwise defined herein, capitalized terms shall have the meanings set forth in the Plan.

2. <u>Creation of the Trust</u>.

(a) <u>Purpose of the Trust</u>. The Liquidating Trust, in compliance with the Plan, is created for the purpose of: (i) receiving the Liquidating Trusts Assets; (ii) holding, administering and effecting an orderly prosecution and liquidation of the Liquidating Trust Assets, for the benefit of the Liquidating Trust beneficiaries and in accordance with the terms of this Agreement and the Plan, through the Liquidating Trustee; and (iii) distributing to the Liquidating Trust beneficiaries the net proceeds of the Liquidating Trust Assets in accordance with the terms of the Plan. The Liquidating Trust shall be a grantor trust, and the Liquidating

Trust beneficiaries shall be the grantors. Except for the purposes and activities defined in this Agreement, the Liquidating Trust shall not engage in the conduct of a trade or business.

(b) <u>Liquidating Trust Assets</u>. As of the Effective Date, without further act or deed by the Debtors or their estates, the Committee, or order of the Bankruptcy Court, the Liquidating Trust Assets shall be deemed transferred by the Debtors, on behalf of all Liquidating Trust beneficiaries, to, and vested in, the Liquidating Trust. The Liquidating Trustee agrees that these assets and their net proceeds shall be held by him in trust under this Liquidating Trust Agreement. From and after the Effective Date, the Liquidating Trustee shall be authorized and directed, on behalf of the Liquidating Trust beneficiaries, to take all steps necessary and to execute any documents or other instruments as may be necessary or appropriate to transfer or confirm the transfer of the Liquidating Trusts Assets to the Liquidating Trust. A bond shall be posted in favor of the Liquidating Trust to secure the Liquidating Trust Assets in an amount to be established by the Bankruptcy Court and as recommended by the Office of the United States Trustee which shall be deemed sufficient to protect the interests of the Liquidating Trust beneficiaries against any breach of fiduciary duty by the Liquidating Trustee.

(c) <u>Appointment of Liquidating Trustee</u>. Kenneth A. Welt has agreed to serve as Liquidating Trustee and to assume the rights, powers and duties of the Liquidating Trustee hereunder, subject to the conditions set forth herein and in the Plan.

(d) <u>Acceptance by Trustee</u>. The Liquidating Trustee is willing and does hereby accept the appointment to serve, prosecute, hold and administer the Liquidating Trust Assets and to carry out each of his duties under this Liquidating Trust Agreement.

(e) <u>Name of Trust</u>. The Liquidating Trust shall bear the name "Gulfstream International Group Liquidating Trust." In connection with the exercise of his powers, the Liquidating Trustee may use his name or such variation thereof as he sees fit.

3. <u>Rights, Powers and Duties of Trustee</u>.

(a) <u>Declaration Acknowledging Beneficial Interest</u>. The Liquidating Trustee hereby acknowledges that, after the Effective Date, the Liquidating Trust beneficiaries, and their successors and assigns, will have and hold the beneficial interests in the Liquidating Trust Assets. The Liquidating Trustee agrees to give such notices to the Liquidating Trust beneficiaries as may be necessary or appropriate in accordance with applicable law and this Agreement.

(b) <u>General Powers</u>. The duties of the Liquidating Trustee shall be governed solely by the terms of this Agreement and the Plan, and shall not be modified by the instruction of any person except as specifically provided in this Agreement and/or the Plan, or by Final Order of the Bankruptcy Court. Except as otherwise provided in the Plan and this Agreement, immediately upon the Effective Date, the Liquidating Trustee shall have the power to perform the acts necessary to fulfill his obligations to the Liquidating Trust and to the Liquidating Trust beneficiaries, under the terms of the Plan and this Agreement, including without limitation: (i) to perfect and secure the right, title, and interest of the Liquidating Trust in the Liquidating Trust

Assets; (ii) to reduce all Liquidating Trust Assets to the possession of the Liquidating Trust and to hold the same; (iii) to manage and protect the Liquidating Trust Assets pending their prosecution or sale and conversion into Cash; (iv) to pay and discharge any costs, expenses, Liquidating Trustee's fees or obligations deemed necessary to preserve the Liquidating Trust Assets or any part thereof or to preserve the Liquidating Trust; (v) to employ such professionals, including without limitation, attorneys, accountants, engineers, agents, real estate brokers, and tax specialists, and such other consultants and independent contractors, as may be deemed necessary, and pay from the liquidation proceeds the reasonable costs and expenses of such persons -- the Liquidating Trustee shall be entitled to hire professionals of his choosing, notwithstanding that the Liquidating Trustee may be a partner or associate of, or otherwise affiliated with, a particular firm to be retained; (vi) to sue and be sued and to settle, compromise or adjust by mediation, arbitration or otherwise any disputes, claims, or controversies in favor of or against the Liquidating Trust; (vii) to prepare and file tax returns and other filings on behalf of the Liquidating Trust, the Debtors and any corporations for whom the Liquidating Trustee has responsibility; (viii) to release, convey or assign any right, title or interest in or about the Liquidating Trust Assets; (ix) to sell and otherwise convert the Liquidating Trust Assets into Cash and to maintain the Cash proceeds of such sales in demand and short term deposits in any federal insured bank until such time as said funds are distributed as specified under the Plan and this Agreement; (x) to authorize and make distributions to Holders of Allowed Claims as described under the Plan and this Agreement; (xi) to take any other action reasonably necessary to cause the liquidation of all of the Liquidating Trust Assets to Cash pursuant to the Plan, or to abandon any assets deemed burdensome or of inconsequential value to the Liquidating Trust; (xii) to institute on behalf of the Liquidating Trust any objections to Claims, proceedings to estimate Claims, or the filing of Causes of Action which could be brought by a trustee or debtor in possession under the Bankruptcy Code; (xiii) pursuant to section 1123(b)(3)(B) of the Bankruptcy Code, to prosecute any Causes of Action, and to commence or continue, in any appropriate court or tribunal, any suit or other proceeding for the enforcement of such Causes of Action, and if deemed appropriate by the Liquidating Trustee, to compromise or settle such litigation in accordance with this Agreement; (xiv) to seek entry of a final decree closing the Chapter 11 Cases at the appropriate time upon the full administration of the Liquidating Trust and payment of the final distribution pursuant to the terms of the Plan; (xv) to pay any fees to or file any reports with the United States Trustee, without further order of the Bankruptcy Court; (xvi) pending transfer of the Liquidating Trust Assets to the Liquidating Trust, and subject to any necessary regulatory approvals and/or servicing consents, the Liquidating Trustee, in his sole discretion, may take actions as are necessary to protect the Liquidating Trust's interests pursuant to the terms of this Agreement.

       4.    <u>Compensation of Liquidating Trustee and Professionals</u>.  The Liquidating Trustee shall be compensated at the hourly rate of $300.00 plus the reimbursement of his actual and necessary out-of-pocket expenses.  Administrative or staff members employed by the Liquidating Trustee shall be compensated in the range of an hourly rate of $100.00 to $175.00.  No more frequently than once every 30 days, the Liquidating Trustee shall file his statement(s) for services rendered and expenses incurred with the Bankruptcy Court and such statement will be electronically transmitted to all those parties entitled to notice through the electronic case filing system.  The statements do not need to conform to the U.S. Trustee's guidelines for fee applications, but must contain adequate information to enable parties in interest to review the

reasonableness of the statements.  If no objection is filed and served upon the Liquidating Trustee within ten (10) days of filing, then the Liquidating Trustee is authorized to pay himself 100% of the fees and costs reflected in such statement.  The Bankruptcy Court shall retain jurisdiction to adjudicate any dispute with respect to such statements or the Liquidating Trustee's compensation request.

The Liquidating Trustee may retain such professionals, and other consultants or independent contractors, as he deems appropriate.  Professionals retained by the Liquidating Trustee shall file applications for retention in accordance with the standards set forth by the Bankruptcy Code and the Bankruptcy Rules; provided, however, that professionals previously retained by either the Debtors or Committee with Court approval in the Chapter 11 Cases need not file applications for retention by the Liquidating Trustee post-Confirmation, and the Liquidating Trustee's retention of such professionals shall not be subject to Court approval. No more frequently than once every 30 days, the Liquidating Trustee's counsel and any other professional retained by the Liquidating Trustee shall submit his, her or its statement(s) for services rendered and costs incurred to the Liquidating Trustee for review and approval.  The statements do not need to conform to the U.S. Trustee's guidelines for fee applications, but must contain adequate information to enable the Liquidating Trustee to review the reasonableness of the statements.  The Liquidating Trustee shall have 10 days to object to any such statement.  If no objection is timely served upon the professional in respect of any such statement, then the Liquidating Trustee shall promptly pay 100% of the fees and costs reflected in such statement.  The Bankruptcy Court shall retain jurisdiction to adjudicate any dispute with respect to such statements or any professional's compensation request.

5.    <u>Liquidating Trust Distributions</u>.  The Liquidating Trustee, subject to Bankruptcy Court approval where appropriate, shall deposit the Cash proceeds of the Liquidating Trust Assets at a depository institution listed as an approved institution of the United States Trustee for the Southern District of Florida.  In his sole and absolute discretion, the Liquidating Trustee may make initial and subsequent interim distributions to the Holders of Allowed General Unsecured Claims on a Pro Rata basis, consistent with the terms of the Plan, from the net proceeds of the liquidation of the Liquidating Trust Assets, less the amount of the Liquidating Trust Reserve. The Liquidating Trustee shall use his continuing best efforts to dispose of the Liquidating Trust Assets, make timely distributions, and shall not unduly prolong the duration of the Liquidating Trust.  During its existence, the Liquidating Trust shall not retain Cash in excess of a reasonable amount necessary to fund the Liquidating Trust Reserve; provided, however, that the Liquidating Trustee shall only make distributions when there is sufficient Cash in the Liquidating Trust, in sufficient excess of the Liquidating Trust Reserve, to make substantial distributions to Holders of Allowed General Unsecured Claims, which he may or may not make in his sole discretion. Upon the termination of the Liquidating Trust, the Liquidating Trustee shall make a final distribution to Holders of Allowed General Unsecured Claims, in the amount of each Holder's Pro Rata share, of all remaining Liquidating Trust Assets after payment of the outstanding Liquidating Trust Expenses.  Upon payment in full of any Allowed Claim held by a Liquidating Trust beneficiary, the Holder of such Claim shall no longer have any claim, lien, encumbrance, or interest in the Liquidating Trust Assets or be a beneficiary of the Liquidating Trust with respect to such paid Claim.

6. <u>Tax Returns and Payments</u>.  The transfer of the Debtors' Assets to the Liquidating Trust shall be treated for all purposes of the Internal Revenue Code, as amended, as a deemed transfer to the Liquidating Trust beneficiaries by the Debtors' Estates, followed by a deemed transfer by the Liquidating Trust beneficiaries to the Liquidating Trust.  At the time of the deemed transfer, each of the Liquidating Trust beneficiaries will recognize a taxable gain or loss to the extent that the fair market value of the Liquidating Trust Assets that the Liquidating Trust beneficiaries are deemed to receive is greater than, or less than, the Liquidating Trust beneficiaries' tax basis in such assets.  The Liquidating Trustee shall value the Liquidating Trust Assets without the approval of the Bankruptcy Court at the time the Assets are transferred to the Liquidating Trust, and the Liquidating Trustee and the Liquidating Trust beneficiaries agree that they shall treat such valuation as controlling and use it consistently for all federal and state tax purposes, unless required to use a different valuation by a federal or state agency.  The Liquidating Trust beneficiaries shall be treated as the grantors and deemed owners of the Liquidating Trust Assets that they are deemed to transfer to the Liquidating Trust subject to the terms of the Plan governing distributions.

Each Liquidating Trust beneficiary shall be provided with IRS 1099 or W-9 forms by the Liquidating Trustee at the appropriate time.  Each Liquidating Trust beneficiary shall be required, before any distribution of net proceeds of the Liquidating Trust Assets is made to such beneficiary, to return to the Liquidating Trustee executed IRS 1099 or W-9 forms, or such other appropriate taxpayer identification information necessary to allow the Liquidating Trustee to file the appropriate tax return on behalf of the Liquidating Trust.  If a Liquidating Trust beneficiary fails to return to the Liquidating Trustee any requested taxpayer identification information within 60 days after a request for this information, this failure shall be deemed a waiver of all claims against the Liquidating Trust, including the right to distributions, and the funds that would otherwise have been distributed to such beneficiary shall revert to the Liquidating Trust to be distributed to other beneficiaries who have provided the requested taxpayer identification information.

The responsibilities of the Liquidating Trustee shall include the filing of an annual grantor trust return and providing the Liquidating Trust beneficiaries with valuations used by the Liquidating Trustee with regard to the trust *res*.  The Liquidating Trust beneficiaries shall be responsible for the payment of taxes in connection with any distributions from the Liquidating Trust Assets made by the Liquidating Trustee to such claimants as beneficiaries of the Liquidating Trust.  Whether or not the Liquidating Trustee establishes reserves to pay future expenses, all Liquidating Trust income shall be treated as subject to tax on a current basis.  The Liquidating Trustee shall allocate to the Liquidating Trust income for each taxable year among the Liquidating Trust beneficiaries in accordance with their respective interests in the Liquidating Trust, as determined from time to time by the Liquidating Trustee, and the Liquidating Trust beneficiaries shall be responsible for any tax liability that results from such income.

7. <u>Liquidating Trust Reporting</u>.  The Liquidating Trustee shall keep an accounting of receipts and disbursements, and shall file with the Bankruptcy Court and serve on each member of the Committee, at least every 120 days, a summary of receipts and disbursements of the Liquidating Trust.  Each such summary shall identify receipts and disbursements in reasonable

detail, and shall identify the source of all receipts and the recipients of all disbursements. As soon as practicable after termination of the Liquidating Trust, the Liquidating Trustee shall provide to Liquidating Trust beneficiaries and the U.S. Trustee, and file with the Bankruptcy Court, a final account and report of Liquidating Trust administration.

8. <u>Liquidating Trust Reserve</u>. The Liquidating Trustee shall be authorized and directed to maintain in a Liquidating Trust Reserve, Cash necessary to (a) pay the actual and anticipated Liquidating Trust Expenses, (b) fund the Disputed Claims Reserve, and (c) pay holders of Allowed Claims whose Cash distributions are unclaimed, subject to the terms of the Plan. Any funds remaining in the Liquidating Trust Reserve immediately prior to the final distribution shall be included in the final distribution unless earmarked for payment of Liquidating Trust Expenses. In accordance with the Plan, the designated amount of Cash will be transferred to the Liquidating Trust and earmarked to fund Liquidating Trust Expenses; no portion of this amount will become available for distribution to Holders of Allowed General Unsecured Claims under the Plan and Liquidating Trust Agreement unless and until the Liquidating Trust Expenses are paid in full.

9. <u>Limitations on Powers of Liquidating Trustee</u>. Notwithstanding anything contained in the Plan or this Agreement, the Liquidating Trustee shall not engage the Liquidating Trust in any activity that constitutes the conduct of a trade or business, except to administer the Liquidating Trust and to maximize the value of the Liquidating Trust Assets. Actions taken by the Liquidating Trustee to defend and pursue claims or Causes of Action held as Liquidating Trust Assets shall be deemed consistent with such liquidating purpose. Pursuant to the Plan, no Causes of Action can be brought by the Liquidating Trustee against the Purchaser, Victory Park, any of their respective affiliates, Shelter Island, Raytheon, David Hackett, Philip Lefvre, Timothy Murphy, Leon Knight, Craig Attel, and Christopher Eason. Furthermore, no Avoidance Actions can be brought or instigated by the Liquidating Trustee against any creditors with whom the Purchaser wishes to main or establish going forward business relationships without the prior written consent of the Purchaser. In addition, actions taken to collect any accounts receivable and dispose of any Liquidating Trust Assets shall also be consistent with such purpose. The Liquidating Trustee's authority to invest the Liquidating Trust Assets pending distribution shall be limited to demand and time deposits in banks or savings institutions, or other temporary, liquid investments such as short-term certificates of deposit or treasury bills.

10. <u>Limitations of Liability of Liquidating Trustee</u>. Except in the case of fraud, willful misconduct, bad faith or gross negligence, the Liquidating Trustee shall not be liable for any loss or damage by reason of any action taken or omitted by him, or for any act or omission made in reliance upon the books and records of the Liquidating Trust or upon information or advice given by his professionals; <u>provided</u>, <u>however</u>, that nothing herein or in the Plan shall relieve the Liquidating Trustee from his duty and responsibility to liquidate the Liquidating Trust Assets and make the distributions required under this Agreement and the Plan. The Liquidating Trustee is required to furnish a bond as more fully described by Section 2(b). In addition, the Liquidating Trustee shall be indemnified by and receive reimbursement from the Liquidating Trust Assets against and on account of any and all loss, liability, expense or damage which he may incur or sustain, without fraud, willful misconduct, bad faith or gross negligence, in the exercise and performance of any of his powers and duties hereunder. In the absence of fraud,

willful misconduct, bad faith or gross negligence, the Liquidating Trustee may rely, and shall be fully protected personally in acting, upon any resolution, statement, certificate, instrument, opinion, report, notice, request, consent, order or other instrument or document that he has no reason to believe to be other than genuine and to have been signed or presented other than by the proper party or parties or, in the case of facsimile transmissions, to have been sent other than by the proper party or parties, in each case without obligation to satisfy himself that the same was given in good faith and without responsibility for errors in delivery, transmission or receipt. The obligation of the Liquidating Trustee to hold the Liquidating Trust Assets in trust for the Liquidating Trust beneficiaries in accordance with the Liquidating Trust Agreement and to make the distributions mandated herein shall not be deemed to be Liquidating Trust liabilities. The Liquidating Trustee may at any time seek instructions from the Bankruptcy Court concerning the acquisition, management or disposition of the Cash and/or other property held by the Liquidating Trust.

11. <u>Liquidating Trustee not Personally Liable</u>. Persons dealing with the Liquidating Trustee shall look only to the Liquidating Trust to satisfy any liability incurred by the Liquidating Trustee to such Person in carrying out the terms of this Liquidating Trust, and the Liquidating Trustee shall have no personal or individual obligation to satisfy any such liability.

12. <u>Rights, Powers and Duties of Liquidating Trust Beneficiaries</u>. Each Liquidating Trust beneficiary shall hold a percentage beneficial interest in the Liquidating Trust Assets equal to his, her or its Pro Rata share in the Available Cash and proceeds from the liquidation of the Liquidating Trust Assets pursuant to the terms of the Plan. Each Holder of a Disputed Claim or Pending Claim shall receive a distribution from Available Cash only when and to the extent that any such Disputed Claim or Pending Claim becomes an Allowed Claim. The Liquidating Trust beneficiaries' interests in the Liquidating Trust Assets shall not be transferable except pursuant to the laws of descent and distribution or otherwise by operation of law and shall not be certificated. Ownership of a beneficial interest hereunder shall not entitle any Liquidating Trust beneficiary to any title in or to the Liquidating Trust Assets as such, or to any right to prosecute or liquidate individually the Liquidating Trust Assets.

13. <u>Notice</u>. Any consent, certificate, notification, demand, instruction or notice whatsoever, to be sent by any of the parties hereto, pursuant to the terms hereof, shall be in writing and signed by the party executing such consent, certificate, notification, demand, instruction or notice, and shall be delivered or sent by U.S. mail to the following:

<u>Counsel to the Liquidating Trustee:</u>

Robert A. Schatzman.
Steven J. Solomon, Esq.
GrayRobinson, P.A.
1221 Brickell Avenue, Suite 1650
Miami, FL 33131

-and-

<u>Liquidating Trustee</u>:

Kenneth A. Welt
Kenneth A. Welt, P.A.
1844 N Nob Hill Road, #615
Plantation, FL 33322-6548

or such other address as either party hereto may specify in a notice to the other. For purpose of this Liquidating Trust Agreement, consents, certificates, notifications, demands, instructions and notices shall be deemed to be effective when actually received.

14. <u>Resignation and Removal of Liquidating Trustee</u>. The Liquidating Trustee may resign and be discharged of his responsibilities created under this Agreement by giving 30 days' prior written notice to the Committee members and filing such notice with the Bankruptcy Court. In addition, the Liquidating Trustee may be removed by a vote of the majority of the members of the Committee, and subject to Bankruptcy Court approval. The U.S. Trustee may, by motion filed with the Bankruptcy Court, also seek removal of the Liquidating Trustee for cause and upon notice and a hearing. In the event of the resignation or removal of the Liquidating Trustee, a successor trustee shall be appointed upon a vote of the majority of the Committee members. The resignation or removal of the Liquidating Trustee shall not be effective, unless otherwise ordered by the Bankruptcy Court, until a successor Liquidating Trustee has been elected and accepts such appointment. The Liquidating Trustee shall be entitled to payment of any unpaid compensation and unreimbursed expenses upon resignation or removal. The rights, duties and powers of any successor trustee shall be governed by the Liquidating Trust Agreement. No successor trustee shall be liable for any act or omission of any previous trustee.

15. <u>Liquidating Trust Termination</u>. Upon full administration of the Liquidating Trust Assets, and the satisfaction as far as possible of all remaining liabilities of the Liquidating Trust, in accordance with the Plan, the Liquidating Trustee, subject to Bankruptcy Court approval, shall: (i) terminate the Liquidating Trust, by filing written notice of termination with the Bankruptcy Court and providing such notice to the Liquidating Trust beneficiaries and the U.S. Trustee; and (ii) thereupon be forever discharged of and released from all power, duties and responsibilities under this Agreement and the Plan. Every effort shall be made to effectuate such termination no later than the time reasonably necessary to accomplish the Liquidating Trust's purpose of liquidating the Liquidating Trust Assets and distributing the proceeds thereof to the Liquidating Trust beneficiaries in accordance with this Agreement and the Plan, and in no event shall the Liquidating Trust continue for more than five (5) years after the Effective Date without further order of the Bankruptcy Court. After the Estates have been fully administered, the Liquidating Trustee shall seek a final decree closing the Bankruptcy Case pursuant to 11 U.S.C. § 350 and Bankruptcy Rule 3022.

17. <u>Payment of Costs/Expenses</u>. Subject to the Plan and this Agreement, all costs, expenses and obligations incurred by the Liquidating Trustee in administering the Liquidating Trust or in any manner connected, incidental or related thereto shall be a charge against the

Liquidating Trust. The Liquidating Trustee, upon being satisfied as to the correctness and reasonableness of any and all such costs, expensed and obligations, shall approve and direct the payment thereof prior to any Distribution to the Liquidating Trust beneficiaries as herein provided, or shall maintain an adequate reserve as part of the Liquidating Trust Reserve for such payments prior to the making of any Distributions to the Liquidating Trust beneficiaries.

18. <u>Court Approval</u>. The Liquidating Trustee shall file a motion with the Bankruptcy Court and serve the motion upon the Office of the U.S. Trustee, by United States mail, whenever he intends to sell or otherwise dispose of any of the Liquidating Trust Assets or settle claims or controversies relating to Liquidating Trust Assets, including any Causes of Action, unless the proposed action involves a claim or controversy which has a face value of $25,000 or less. Such actions shall be subject to approval by the Bankruptcy Court. The motion for Court approval shall describe with reasonable particularity the action proposed to be taken and why such action is in the best interests of Unsecured Creditors. Nothing herein shall restrict the Liquidating Trustee's right to submit any other matter regarding the Liquidating Trust, the Liquidating Trust Assets or the Chapter 11 Cases for Court approval, in his sole discretion, consistent with the Bankruptcy Court's retained jurisdiction.

19. <u>Objections to Actions by Liquidating Trustee</u>. With respect to proposed actions by the Liquidating Trustee that are submitted by motion for Bankruptcy Court approval, pursuant to the Plan or otherwise, any party in interest seeking to object to any such proposed action must follow the procedures set forth in the Local Rules of the Bankruptcy Court. In the event any party in interest objects to any other action proposed to be taken by the Liquidating Trustee, such party shall: (i) file an objection with the Bankruptcy Court; (ii) request a hearing from the Bankruptcy Court; and (iii) serve a copy of the objection and notice of hearing on the Liquidating Trustee and the U.S. Trustee, so as to be received no later than 10 days after the Liquidating Trustee gives notice of such proposed action. If no timely objection is made in strict compliance herewith, the Liquidating Trustee shall be deemed authorized to take such proposed action without further notice or order of the Bankruptcy Court.

20. <u>Conflicting Claims to Liquidating Trust</u>. In the event that the Liquidating Trustee becomes aware of any disagreement or conflicting claims with respect to the Liquidating Trust Assets, or if the Liquidating Trustee, in good faith, is in doubt as to any action which should be taken under this Agreement, the Liquidating Trustee shall have the right, at his discretion, to withhold performance under this Agreement until such conflict is resolved, he receives direction from the Liquidating Trust, he files a suit in the Bankruptcy Court, or other court or tribunal of competent jurisdiction, to obtain an order requiring all persons involved to litigate their respective claims to the Liquidating Trust Assets, and/or he files any other appropriate request for relief before the Bankruptcy Court, or other court or tribunal of competent jurisdiction.

21. <u>Counterparts</u>. This Agreement may be executed in two or more counterparts, each of which shall constitute an original but all of which, when taken together, shall constitute but one agreement. This Agreement shall be deemed to be effective when counterparts which, when taken together, bear the signatures of all the parties hereto have been delivered to the Proponents.

22. <u>Successors and Assigns</u>.  This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective successors and assigns, except as limited by the terms herein.

23. <u>Conflicts with Plan</u>.  Notwithstanding any provision in this Agreement to the contrary, to the extent that the terms of this Agreement are inconsistent with the terms of the Plan, the terms of this Agreement shall control.

24. <u>Governing Law; Entire Agreement</u>.  This Agreement shall be construed in accordance with and governed by the laws of the State of Florida, without reference to any conflict of laws principles, and may not be waived, modified or amended to any extent except by a writing signed by the party against which such waiver, modification or amendment is sought to be enforced and approved by the Bankruptcy Court.  The Liquidating Trustee shall be deemed to have no notice of, or duties with respect to, any agreement or agreements with respect to the Liquidating Trust, or funds therein other than as set forth in this Agreement and the Plan.  This Agreement and the Plan to which it is subject set forth the entire agreement between the parties hereto.  Notwithstanding any provision to the contrary contained in any other agreement (excluding any subsequent waiver, modification or amendment to this Agreement) between the parties hereto, the Liquidating Trustee shall have no interest in the Liquidating Trust or funds therein except as provided in this Agreement and the Plan.  In the event that any of the terms and provisions of any other agreement (excluding the Plan or any subsequent waiver, amendment or modification to this Agreement) between the parties hereto, conflict or are inconsistent with any of the terms and provisions of this Agreement, the terms and provisions of this Agreement shall govern and control in all respects.

Dated: July 13, 2011

LIQUIDATING TRUSTEE, on behalf of the LIQUIDATING TRUST BENEFICIARIES and not Individually,

By: _____
     Kenneth A. Welt

DEBTORS:

Gulfstream International Group, Inc.

By: **/s/**_____
Title: Chief Restructuring Officer

Gulfstream International Airlines, Inc.

By: **/s/**_____
Title: Chief Restructuring Officer

Gulfstream Training Academy, Inc.

By: /s/ _____
Title: Chief Restructuring Officer

Gulfstream Connection, Inc.

By: /s/ _____
Title: Chief Restructuring Officer

GIA Holdings Corp., Inc.

By: /s/ _____
Title: Chief Restructuring Officer