UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

U.S. BANKRUPTCY COURT
SO. DISTRICT OF FLORIDA-Ft Laud

FEB 6 2012

FILED ___✓___ RECEIVED _____

In re:
GULFSTREAM INTERNATIONAL
AIRLINES, INC., et al.,[1]

      Debtors.
_____/

Case No.:    0:10-bk-44131-JKO
*Jointly Administered*
Chapter:    11

## MOTION TO OBTAIN LEAVE TO CONDUCT A RULE 2004 EXAMINATION AND COMPELLING THE EXAM

COMES NOW, Creditor, Elana Anderson, by and through her undersigned counsel and does hereby moves this Court to Obtain Leave to Conduct a Rule 2004 Examination and Compelling said Examination, and as grounds in support thereof does state:

1.      Elana Anderson is a personal injury creditor of the subject Chapter 11 Bankruptcy. Ms. Anderson was injured while disembarking a plane chartered by the debtor.

2.      That despite previous requests in this matter as evidenced in D.E. 687 (relief from filing the claims) requests had been made upon third party administrator Global Aerospace, Inc. and in particular Christopher Edwards to produce a Disclosure of Effective Insurance Coverage for the personal injury claim at issue.

3.      Further creditor Anderson had previously filed with this Court a Motion for Relief of Stay to the extent of insurance coverage. To date, despite requests from creditor's counsel as well as counsel for U.S. Trustee, the referenced third party claims administrator Global Aerospace, Inc. has failed to disclose the availability of coverage along with copy of the applicable policy.

_____

[1] The jointly administered Debtors and the last four digits of their respective taxpayer identification number s are as follows: (i) Gulfstream International Group, Inc. (3956); (ii) Gulfstream International Airlines, Inc. (1720); (iii) Gulfstream Training Academy, Inc. (5843); (iv) GIA Holdings Corp., Inc. (9548); and (v) Gulfstream Connection, Inc. (1208).

4. This Court pursuant to creditor Anderson's request to Lift Stay did otherwise grant a 90-day continuance regarding that matter pending the outcome of the 2004 examination or voluntary disclosure by third party administrator.

5. The undersigned has consulted with counsel for U.S. Trustee, Robert Schatzman, Esq., who does not otherwise object to a 2004 examination and the request of relief.

WHEFORE for these and other reasons to be argued ore tenus at the hearing on the instant motion, the creditor Elana Anderson, prays that this Court enter an Order permitting a 2004 examination, compelling attendance and issuing an Order permitting the issuance of a subpoena or other necessary relief.

Dated: February 3, 2012

> FRIEDMAN, RODMAN & FRANK, P.A.
> 3636 West Flagler Street
> Miami, Florida 33135
> Telephone No.: (305) 448-8585
> Facsimile No.: (305) 448-9818
> E-mail: ronrod36@aol.com

> BY: /s/ Ronald D. Rodman
> RONALD D. RODMAN, ESQ.
> Florida Bar No. 664332